■ In the Matter of the Arbitration between UNITED ENVIRONMENTAL WORKERS, Appellant, and BUFFALO SEWER AUTHORITY, Respondent.—Order unanimously reversed, on the law, with costs, and petitioner's motion granted. Memorandum: The sole issue presented is whether the arbitrator's determination and award should have been vacated. The arbitrator found that the Buffalo Sewer Authority (BSA) violated the collective bargaining agreement when it denied the grievant, Robert Reinig, 65½ sick days from the sick leave bank. The arbitrator found that Mr. Reinig was entitled to the sick days because his absence from work on the days in question was not related to his employment. Special Term vacated the arbitrator's award on the ground that Mr. Reinig received workers' compensation benefits for the same days in question based on the Compensation Board's finding, contrary to that of the arbitrator, that Reinig's absence was job-related. Special Term reasoned that to allow Reinig to recover twice for the same period of absence violated the public policy against double recovery embodied in Workers' Compensation Law § 11. We disagree.

It is well settled that an arbitrator's award will not be vacated for errors of law or fact committed by the arbitrator (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582). Thus, the award here cannot be vacated even assuming the arbitrator erred in finding that Mr. Reinig's injuries were not work-related. Of course, an award violative of public policy will not be permitted to stand (*Garrity v Lyle Stuart, Inc.*, 40 NY2d 354, 357). "The courts, however, must exercise due restraint in this regard, for the preservation of the arbitration process and the policy of allowing parties to choose a nonjudicial forum, embedded in freedom to contract principles, must not be disturbed by courts, acting under the guise of public policy, wishing to decide the dispute on its merits, for arguably every controversy has at its core some issue requiring the application, or weighing, of policy considerations" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 630).

The public policy expressed in the Workers' Compensation Law is to prevent an employer from being exposed to double liability (Workers' Compensation Law §§ 11, 23, 29). This public policy is not frustrated by the arbitrator's award in this case. While the BSA, as Mr. Reinig's employer, must contribute toward his workers' compensation benefits, it does not contribute any additional funds toward the sick days Mr. Reinig receives as a consequence of the arbitrator's award. Those sick days are taken from the sick leave bank to which

the BSA has contributed nothing. The sick leave bank was organized pursuant to the collective bargaining agreement which allows each employee personal sick-leave credits at the maximum rate of 1¼ days per month. The contract further provides that "[f]or every one and one-fourth (1¼) days of personal sick leave earned by an employee * * * one-fourth (¼) day of sick leave will be credited by the Authority [BSA] to a sick leave bank" (art V, § 1 [c]). Before an employee can draw on the sick leave bank, all his available sick leaves must be exhausted and his injury or sickness must not arise out of his course of employment. Thus, since the BSA contributes nothing to the sick leave bank, the arbitrator's award does not frustrate the public policy that workers' compensation be the exclusive liability of the employer. (Appeal from order of Supreme Court, Erie County, Sedita, J.—arbitration.) Present —Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ. [127 Misc 2d 648.]